UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Public Service Co. of NH

    v.                          Civil No. 02-105-B

Portland Natural Gas, et al.

## MEMORANDUM AND ORDER

Public Service Company of New Hampshire ("PSNH") challenges the Magistrate Judge's order compelling it to produce documents that it claims are protected by the attorney-client and work product privileges. The Magistrate Judge ruled that PSNH waived its privilege claims by failing to produce a privilege log with its discovery responses.

## I.    BACKGROUND

This is an inverse condemnation case brought by PSNH against Portland Natural Gas Transmission System and Maritimes & Northeast Pipeline, L.L.C. (collectively "the Pipeline Companies").

The Pipeline Companies served interrogatories and document requests on PSNH on October 25, 2002. PSNH responded several months later by answering certain interrogatories, producing documents, and objecting to discovery requests that it deemed were improper. PSNH produced a privilege log with its responses.

On May 7, 2003, the Pipeline Companies asked PSNH to supplement its responses. Among the documents that the Pipeline Companies specifically requested were "correspondence with or documents produced by or received from, NSI Consulting & Development, Inc. ("NSI") and . . . documents in NSI's possession."[1] Ex. B. to Mem. in Supp. of Defs.' Mot. to Compel. PSNH responded on August 8, 2003 with supplemental answers. It refused, however, to produce the NSI documents because it claimed that the documents were "neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, or [were] attorney work product, or attorney/client communications." Ex. C. to Mem. in Supp. of Defs.' Mot. to Compel. PSNH did not produce a new or amended privilege log.

---

[1] NSI is a consulting firm that PSNH retained to assist it in resolving its claims with the Pipeline Companies.

On August 28, 2003, the Pipeline Companies filed a Motion to Compel PSNH to disclose the NSI documents. PSNH filed its objection on September 15, 2003 and produced a privilege log describing the NSI documents with its objection.

On October 7, 2003, the Magistrate Judge issued an order granting the Pipeline Companies' motion to compel. Rather than address the merits of PSNH's privilege claims, he concluded that PSNH had waived any claim that the NSI documents were privileged by failing to file a privilege log describing the documents with its discovery responses. I review the Magistrate Judge's Order for clear error. Fed R. Civ. P. 72(a).

## II.  **ANALYSIS**

The Magistrate Judge relied primarily on Fed. R. Civ. P. 33(b)(4) in ruling that PSNH waived its privilege claims.[2]  This

---

[2]  The Magistrate Judge also cited the First Circuit's decision in In Re Grand Jury Subpoena, 274 F.3d 563 (1st Cir. 2001), in which the court held that "[a] party that fails to submit a privilege log is deemed to waive the underlying privilege claim." Id. at 576. The First Circuit made this statement, however, when considering a supoenaed witness's failure to produce a privilege log in violation of Fed. R. Civ. P. 45 (d)(2). Subpoenas differ from interrogatories in that they are not subject to enforcement under Fed. R. Civ. P. 37. See Meridan Diagnostics, Inc. v. Yi, 2001 WL 1842463 (S.D. Ohio

-3-

rule requires a party to state all "grounds for an objection to an interrogatory . . . with specificity." The rule also provides that "[a]ny ground not stated in a timely objection is waived unless the party's failure is excused by the court for good cause shown." Although the Magistrate Judge did not explain his thinking in detail, he presumably concluded that the rule's requirement that objections be stated with specificity also required PSNH to describe the documents that are the subject of its privilege claims in a privilege log.

I disagree with the Magistrate Judge's reading of Rule 33(b)(4). The duty to identify documents that are the subject of a privilege claim arises from Fed. R. Civ. P. 26(b)(5), which provides that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or

2001). Moreover, subpoenas, unlike interrogatories, are court orders. A failure to comply with a subpoena thus can be punished as a contempt of court. See Fed. R. Civ. P. 45(e). In contrast, a failure to respond to interrogatories is not punishable as a contempt of court unless the responding party refuses to comply with an order compelling it to respond. See Fed. R. Civ. P. 37(b)(2)(D). Thus, In Re Grand Jury Subpoena is distinguishable.

-4-

disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

While it is possible to read Rule 33(b)(4) to incorporate Rule 26(b)(5) — the argument supporting this view is that a privilege claim cannot be specifically stated without describing the documents that are the subject of the claim in accordance with Rule 26(b)(5) — a more harmonious reading of the rules as a whole leaves the enforcement of Rule 26(b)(5) to the nuanced sanctioning regime governed by Fed. R. Civ. P. 37 rather than the nearly automatic waiver process required by Rule 33(b)(4).

Under Rule 37, most failures to comply with discovery obligations initially expose a recalcitrant party only to an order compelling it to comply and requiring it to pay the requesting party's associated costs and legal fees. See Fed. R. Civ. P. 37(a). Harsher sanctions — such as ordering that the disputed facts be taken as established by the requesting party — come into play only if a party fails to obey a court order compelling a response. See Fed. R. Civ. P. 37(b). This contrasts with Rule 33(b)(4) which requires a court to punish untimely or insufficiently specific objections by finding that

-5-

the objections have been waived unless the noncompliance is excused for good cause shown.

The advisory committee notes to Rule 26 recognize that noncompliance with Rule 26(b)(5) may be punished under Rule 37(b). While the notes also state that noncompliance "may be viewed as a waiver of the privilege protection," they do not indicate whether the power to deem objections to have been waived derives from Rule 33(b)(4) or the more general power granted to the court by Rule 37(b) to punish a failure to comply with a discovery order by "mak[ing] such orders in regard to the failure as are just."

It makes a difference in this case whether the consequences of noncompliance with Rule 26(b)(5) are determined using Rule 33 rather than Rule 37. Although PSNH violated Rule 26(b)(5) by failing to produce its privilege log with its supplemental answers, it produced the log before the Magistrate Judge granted the Pipeline Company's motion to compel. Under Rule 33, PSNH's belated production of its privilege log is irrelevant. A waiver finding would be required because the privilege log was untimely and PSNH has not justified its failure to produce it with its responses. Under Rule 37, in contrast, PSNH's decision to

-6-

produce the privilege log before the court ordered it to do so ordinarily would limit the sanction to an award of costs and attorneys fees. See Fed. R. Civ. P. 37(a)(4).

I reject the Magistrate Judge's interpretation of Rule 33(b)(4) for two reasons. First, it would unjustifiably punish noncompliance with Rule 26(b)(5) differently depending upon whether the noncompliance was in response to interrogatories or document requests. Rule 33(b)(4) applies only to interrogatories and Fed. R. Civ. P. 34, which governs document requests, does not contain a comparable waiver provision. Thus, while a failure to produce a privilege log in response to interrogatories would require a finding that privilege claims have been waived unless the noncompliance could be excused for good cause, a comparable failure to produce a privilege log in response to a request for documents could only be sanctioned under Rule 37. The inconsistent approach to the enforcement of Rule 26(b)(5) that follows from this reading of Rule 33(b)(4) makes little sense.

Second, using Rule 33(b)(4) to justify a waiver finding when the responding party invokes a privilege but initially fails to produce a privilege log with its discovery responses is unnecessarily harsh. While such a severe sanction may well be

-7-

warranted if a party, without good cause, altogether fails to alert the requesting party to its privilege claim, an award of attorneys' fees and costs ordinarily will be a sufficient sanction if the requesting party invokes a privilege and produces its privilege log late, but before it is ordered to do so.

In summary, Rule 33(b)(4) requires a party responding to interrogatories to state its objections with specificity. Rule 26(b)(5) also requires specificity by requiring a party responding to either interrogatories or document requests to describe any documents that are the subject of a privilege claim.[3] A failure to comply with Rule 26(b)(5), however, should be enforced under Rule 37 rather than Rule 33.

I remand the matter to the Magistrate Judge with instructions to reconsider his ruling in accordance with the terms of this order.[4] The Magistrate Judge should determine

---

[3] As the advisory committee notes to Rule 26 recognize, a party may offer a categorical description of privileged documents in lieu of a privilege log if a document by document description would be unduly burdensome. See Fed. R. Civ. P. advisory notes (1993).

[4] The Magistrate Judge's determinations that PSNH failed to timely produce a privilege log and that the NSI documents are otherwise discoverable are not clearly erroneous. Therefore, the Magistrate Judge need not reexamine these aspects of his order.

whether an award of costs and fees is warranted under Rule 37(a)(4) based on PSNH's failure to produce its privilege log earlier. He should then address the merits of PSNH's privilege claims.

SO ORDERED.

Paul Barbadoro
Chief Judge

November 13, 2003

cc: Stephen Roberts, Esq.
    Michael Ramsdell, Esq.